## Alberts, Appellant, v. Bradley.

Argued November 20, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Harry Alan Sherman,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney of Allegheny County, for appellee.

OPINION PER CURIAM, December 29, 1956:

This case arises out of a criminal prosecution of Fred B. Alberts, a justice of the peace of White Oak Borough, who appeals from the discharge of a rule issued by the Court of Common Pleas of Allegheny Coun-

ty directing Frederick A. Bradley, an alderman of the City of McKeesport, to show cause why he should not be prohibited from proceeding with a hearing on charges against Alberts of extortion and misdemeanor in office. A motion to dismiss the appeal as being moot was filed to which appellant filed an answer. Upon consideration of the motion and the argument had thereon, the appeal will be dismissed.

On May 20, 1955 the appellant was charged on information with extortion and misdemeanor in office. He was held for court following a hearing before Alderman Bradley. Thereafter a motion was filed by appellant's counsel to quash the informations which, after argument, was denied by the court en banc. Subsequently indictments were returned by the grand jury, but the indictments were quashed by the court of quarter sessions sitting en banc on the ground that appellant did not have a fair preliminary hearing. The district attorney, in accordance with the suggestion contained in the opinion of the court, caused new informations to be filed, and on the date set by Alderman Bradley for a hearing thereon, counsel for appellant obtained the rule to show cause above referred to which stayed the proceedings. While the present appeal from the discharge of the rule was pending in this Court and after a writ of prohibition and a supersedeas had been denied by us on September 25, 1956, a hearing was held before Alderman Bradley on October 5, 1956 at which appellant appeared and waived all further proceedings before the alderman. Thereafter the appellant entered bail. The transcript of the hearing before the alderman was filed in the court of quarter sessions and the appellant then filed a motion in that court to quash the informations. It thus appears that appellant has waived preliminary hearing

and that there are no proceedings presently pending before Alderman Bradley against which the court below could issue a writ of prohibition even if it had the power to do so—a power which it held it did not possess. Therefore, the matter has become moot.

The appeal is dismissed.